UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN SOUTHERN DIVISION

FILED - GR
August 18, 2017 2:43 PM
CLERK OP COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc / _____ SCANNED BY: /__/

MICHAEL LYNN ANDERSON,

    Plaintiff(s),

SC: 154812

COA: 333995

Muskegon CC: 03-49533-FC

-vs-

Civil Action No. _____   **1:17-cv-756**

Hon: _____   Gordon J Quist - U.S. District Judge
Ray Kent - Magistrate Judge

MUSKEGON POLICE DEPT,
BRETT GARDNER, LES BOWEN, KAREN BUIE,
EMILIO TREJA, JOHN DOE #1, JOHN DOE #2,
MUSKEGON COUNTY, MUSKEGON CITY, MDOC,
WARDEN SHIRLEY HARRY, AND OTHER ACTORS,
ALL OF THE ABOVE
ARE TO BE SUED IN THERE
INDIVIDUALLY AND IN THEIR
OFFICIAL CAPACITIES AND PERSONAL,

    Defendant(s)

**POOR QUALITY
- ORIGINALS ATTACHED -**

_____/

COMPLAINT RULE 60 OF THE
FEDERAL RULES OF CIVIL PROCEDURE.

I Previous lawsuits

A. I have filed one suit before

B. will answer Questions 1-5

    1. The suit was in Western District of Michigan out of Muskegon County in Southern Division Under Hon. ~~Teff~~ Janet T. Neff Case No. 1:15-CV-141

    2. The action is not pending, the action was dismissed.

(1)

3. No I did not appeal.

4. No appeal is pending.

5. The lawsuit had some similar facts in it

A. some of the individuals was named in it, and the claims of illegal arrest was apart of it.

## JURISDICTION & VENUE

II. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff Seeks declaratory relief Pursuant to 28 U.S.C. Section 2201 and 2202 Plaintiffs claims for injunctive relief are authorized by 28 U.S.C Section 2283 & 2284 and Rule 65 of the Federal Rule of Civil Procedure.

III. The United States District Court, Western District of Michigan, is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the Events giving rise to this claim occurred.

IV Plaintiff, Michael Lynn Anderson is and was at all times mentioned herein a prisoner of the State of Michigan in the Custody of the Michigan Department Of Corrections. He is Currently confined in Earnest C. Brooks, Correction Facility, 2500 S. Sheridan Drive, Muskegon Heights, Michigan (49444). A. At time of the occurrence that is subject of instant lawsuit arose, was not confined prior to arrest; but after lodged Muskegon P.D. and County Jail.

V. Parties

A

(2).

Plaintiff(s)

Michael Lynn Anderson # 180023

location : E.C. Brooks Correctional Facility , 2500 S. Sheriden Drive

Muskegon Heights Michigan (49444)

B. Defendant(s)

1. Muskegon Police Department 980 Jefferson St. Muskegon , Mich  49440

2. Brett Gardner "was" not aware of now, Assistant Prosecutor

Muskegon County

1255 E. Hile Rd. Norton Shores, Mich  49441

Official and personal
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL,
3. Lee Bowen

Assistant Prosecutor "was" not aware of now, Muskegon County

4. Karen Buie , at time "Was" my probation officer" but within Months

become the clerk Address at the time of incident , Mich Dept. of

Corrections , P.O. Box 30003, Grandview Plaza Bldg.

Capacity Personal and Official
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL,
5. Emilio Treja

Detective

Muskegon Police  Dept.

980 Jefferson St. Muskegon , Mich 49440  sue in Official and Personal
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL,
Capacity

6. Joe Doe # 1

Police Officer

Muskegon Police

990 Jefferson St. Muskegon, Mich 49440
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL
7. John Doe # 2

Police Officer
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PER

Muskegon Police Dept.

980 Jefferson St. Muskegon, Mich 49440 Official and Personal

8. Muskegon County Prosecuting Atty D J. Wilson, 990 Terrace St, Mich, 49442 Sued official Capacity
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL,

9. City Of Muskegon (City Attorney) Address: Theodore Williams, Jr. 120 W. Apple Ave, Box 599 Mich, 49443 Sued in Official Capacity
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL,

10  MDOC

Michigan Dept Of Corrections, P O Box 30003 Grandview Plaza Bldg. Capacity Official 11. Shirley Harry, Warden E C. Brooks Correctional Facility

2500 S Sheridan Drive Muskegon Heights Mich 49444 Capacity Official and Personal
SUED IN THERE INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AND PERSONAL,

## STATEMENT OF CLAIMS:

1.   On or about 9-26-2003, Plaintiff was arrested at his home in the City Of Muskegon by the Defendant Muskegon Police Department; two Unknown Police Officials conducted the arrest -John Doe # 1 and John Doe # 82

2  Plaintiff was taken to the Muskegon County Jail and placed in a holding Cell

3. On or about 9-27-2003, Plaintiff was taken before a Judge for probation violation where a hearing was scheduled for 10-03-2003.

4. On or about 10-03-2003, Plaintiff appeared at said hearing where it was determined that no grounds existed to violate plaintiff's probation, and Plaintiff was ordered to be released.

5. Plaintiff Probation officer Buie fabricated allegations of non-compliance with probation requirements for the sole purpose of detaining plaintiff for Murder charges in case .No 03-49533-FC

6  Plaintiff Probation Officer Buie, Asst. Prosecutor Gardner, and Detective Emilio Treja a conspired, agreed, acted in concert under the color of state law, to fabricate said probation violation charges with intent to circumvent

(3).

The warrant requirements for arrest on murder charges in case No: 03-49533-FC
7 Defendant's Buie, Gardner, and Treja's scheme did cause the Illegal Arrest of Plaintiff without probable cause to believe that plaintiff violated Probation in case No: 02-47767-FH, nor Probable cause to believe that Plaintiff committed the Murder in case No: 03-49533-FC

8 This Action is not about a conviction so the Plaintiff will refrain from discussing the conviction parts to this case, but these action was set in place to avoid regulations of the system to deny plaintiff equal protection under the law, deny him his 4th, 5th, 6th, 8th, 14th, Amendment Rights.

9. The Action also allowed Plaintiff to be tried without the Circuit Court enquiring authority or Jurisdiction, which created a structural error and restrains him of his liberty.

10. After being aware of what was done to Plaintiff, he filed a Habeas Action, which the Hon Judge Timothy Hick refused to entertain, he appealed the decision in Michigan Appeal Court where one Judge allowed him to move forward, but when he did another Judge hijack the case and dismissed it because of cost and fees, which had already been Waived.

11. Plaintiff appealed that decision to the Michigan Supreme Court of Appeal in the form of a Habeas Corpus, which was available to him under 3.303, he also was not prohibited under MCL 600. 4310 (3) Price Supre at 669-670 GCR 1963, 712 11 MCL. 600-4307, MSA 27 (A) 4307.

12. which states: an action for Habeas Corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within the state Under any pretense whatsoever, See People v. Johnson 396 Mich. 424, 442, 240 N.W. 2d 729.

13. Which states: Defendant may always challenge whether the state had a right to bring the prosecution in the first place. The Judgment of conviction pronounced by a court without Jurisdiction is void and one imprisoned there under may obtain release by Habeas Corpus Id. 114 S.Ct. 1737

(3) A

14. (Emphasis added)(quoting Johnson v. Zerbst 304 U.S. 458, 468, 58 S.Ct. 1019 82 Led. 1461. Jurisdictional defects are akin, but not identical, to those waived when a defendant pleads guilty because the state has no legitimate interest in securing a conviction without proving Jurisdiction 14. New Supra at 491, In other words " Such rights and defense reach beyond the factual determination of defendant guilt and implicates the very authority of the state of bringing a defendant to trial Id quoting People v White 411 Mich. 366, 398, 308 N W 2d 128.

15. plaintiff also challenged MDOC and Warden Shirley Harry, by filing a Grievance which was completed with the grievance being denied because their assumption that there is a time restriction on Jurisdiction, which they was Mistaken and now that Plaintiff notified them of their violation cannot say they was not aware of their restraint of liberty under the color of state law

16. This Id. No is LRF -16-11-0227-28E

## LEGAL CLAIMS

### 1st Cause of Action

VII. Plaintiff realleges that defendant Buie, Treja and Gardner did willfully and maliciously conspire and Knowingly manufacture and falsify evidence to establish Probable cause, and did there by cause the false arrest, unlawful detainment of plaintiff, contrary to U.S. Const Amends. 1,4,5,6,8,14 and state law prohibiting false arrest /Imprisonment, wanton and willful misconduct, and intentional infliction of emotional distress.

### 2nd Cause of Action

Plaintiff alleges that defendant's Muskegon Police Dept City Of Muskegon County Of Muskegon, MDOC, Warden Shirley Harry, Lee Bowen, A J. Hilson,

(4).

Tony Tague, Hon. Timothy Hick, by and through Brett Gardner, Emilio Treja, and other falsely allow Plaintiff to be tried without obtaining authority or Jurisdiction which restrains him of his liberty, which violates both Michigan and Federal Constitutions.

### 3rd Cause Of Action

Plaintiff alleges that Defendant Buie, Treja, Gardner did willfully and Maliciously deprive Plaintiff of a fair and impartial Investigation, Contrary to Mich. Const. 1963 Article 1317

### VIII Relief

Plaintiff seeks appointment of counsel, a Jury Trial, a Decoration by Court that his rights to due process, equal protection under the law, access to court, access to Counsel, freedom from Cruel and unusual punishment, and state law rights have been violated and compensatory, nominal, and punitive damages in the amount of 1,000,000 million dollars from every Year Plaintiff was restrained of his liberty and 5 9 Million in nominal and Punitive damages and that Plaintiff be released on his own recognizance until the outcome of these matter are fully resolved

Dated: 8-14-17     Signature Of Plaintiff:

*Michael Anderson*
Michael Lynn Anderson   # 180023
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon Heights Michigan (49444)

Prisoner Name: Michael Anderson
Prisoner Number: 180023
E.C. BROOKS CORRECTIONAL FACILITY /
WEST SHORELINE CORRECTIONAL FACILITY
2500 S. Sheridan Drive
Muskegon Heights, MI 49444

Clerk
United States District Court
399 Federal Building
110 Michigan N.W.
Grand Rapids, MI 49503

U.S. POSTAGE >> PITNEY BOWES
ZIP 49444
02 1W
0001402924 AUG 15 2017
$ 001.82°