UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MICHAEL LYNN ANDERSON,

          Plaintiff,

v.

MUSKEGON POLICE DEPARTMENT et al.,

          Defendants.
_____/

Case No. 1:17-cv-756

Honorable Gordon J. Quist

## ORDER

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Following an initial screening of the complaint, on September 29, 2017, the Court issued an opinion and judgment (ECF Nos. 7, 8), dismissing the complaint for failure to state a claim because the claims were long-since barred by the statute of limitations. The matter presently is before the Court on Plaintiff's motion for reconsideration (ECF No. 9), which was filed on July 2, 2018.

Given the posture of the case, the Court construes Plaintiff's motion as one seeking relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. When none of the first five enumerated examples of Rule 60(b) apply,

relief is available only when exceptional or extraordinary circumstances are present. *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff argues in his motion that the Court's dismissal on the grounds of the statute of limitations should be vacated on the basis of ineffective assistance of counsel. Plaintiff appears to refer to the attorney representing him in his parole-violation proceeding. However, Plaintiff's criminal defense attorney had no obligation to represent Plaintiff in a civil rights complaint. Indeed, Plaintiff has no right to counsel in a civil rights proceeding. *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). The alleged ineffective assistance of counsel therefore is both meritless and irrelevant to the timeliness of the complaint.

Plaintiff next argues,

> The District Court violated plaintiff[']s] due process [right] to exhaust and forced him to present a mixed petition, which prejudice[d] plaintiff and prevented him from finding these issues when an evidentiary hearing had been conduct, this request was well within the time limitation and cause[d] him harm.

(Mot. for Reconsid., ECF No. 9, PageID.43-44.) The meaning of Plaintiff's argument is unclear, but it is apparent that he complains about matters that did not arise in this action. Instead, Plaintiff appears to complain about a habeas petition that challenged his underlying criminal matter. The instant action, however, is a civil rights complaint, not a habeas corpus proceeding. Moreover, nothing about his criminal proceedings or any habeas corpus action implicated the timeliness of his current complaint. Given that timeliness was the sole basis for the Court's dismissal, Plaintiff's argument is irrelevant.

Plaintiff next argues that

> [t]he evidence proves this is a void judgment which makes time a none [sic] factor because fraud has been committed it also restrains plaintiff of his liberty in violation of both Michigan and Federal constitutions and to allow it to stand is a miscarriage of justice.

(*Id.*, PageID.44.)  Plaintiff appears to be challenging his judgment of conviction, rather than the judgment in the instant case.  Again, the issue is irrelevant to the issue of timeliness of his complaint.  Moreover, Plaintiff's new argument represents a challenge to his judgment of conviction.  A challenge to the fact or duration of confinement must be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (rejecting challenge brought under § 1983 and holding that, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus").  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, his complaint is subject to dismissal for that additional reason.

Accordingly, for the reasons set forth in the Court's September 29, 2017, Opinion and in this Order,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (ECF No. 9), construed as a motion for relief from judgment, is **DENIED**.


Dated: July 26, 2018                                             /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE